UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     17-CV-0452
YI BIN MU,

                           Plaintiff,     **COMPLAINT**

     -against-
                                              Jury Trial Demanded

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT OFFICER JASPREET POM GILL, "JOHN
DOE NO. 1" and "JOHN DOE NO. 2",     ECF CASE

                           Defendants.
------------------------------------------------------------------X


     Plaintiff YI BIN MU, by and through his attorneys, CAESAR and NAPOLI, P.C., alleges upon knowledge, information, and/or belief as follows:

<u>**PRELIMINARY STATEMENT**</u>

     1.   Plaintiff Yi Bin Mu brings this action seeking relief for the violation of his rights, privileges, and immunities secured by 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of New York.

     2.   It is alleged that the Defendants, acting jointly and severally, committed a series of unlawful acts that culminated in New York City Police Officer Jaspreet Pom Gill's (Officer Gill) unlawful and improper arrest and imprisonment of plaintiff who was unlawfully assaulted, prosecuted and harassed, and the use of excessive force upon plaintiff on October 25, 2015.

     3.   Further, the failure of the Defendant City of New York ("City") and the New York City Police Department ("NYPD") to adopt and/or enforce adequate policies, procedures, and practices to address the vicious propensities of its police officers constituted deliberate indifference and was the proximate cause of Plaintiff's injuries.

4.   It is further alleged that the Police Commissioner as the supervisory officer is responsible for the conduct of defendants for his failure to take corrective action with respect to the police personnel whose vicious propensities were notorious, for his failure to assure proper training and supervision of the personnel, and for his failure to implement meaningful procedures to discourage lawless official conduct, and the City of New York as the employer of the police personnel.

5.   As a remedy for these violations therein, Plaintiff seeks compensatory damages, punitive damages, and an award of the costs and expenses of this action including attorneys' fees to the Plaintiff pursuant to 42 U.S.C. § 1988; and any such other and further relief as this Court may deem just and proper.

## JURISDICTION

6.   This action arises from violations of plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and actionable under 42 U.S.C. §§ 1981, 1983, 1985 and 1986.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

7.   Plaintiff asserts jurisdiction over the City of New York and The New York City Police Department of all claims in this Court under 28 U.S.C. § 1367.  Plaintiff requests that this Court exercise supplemental jurisdiction over those state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy as do plaintiff's federal claims pursuant to 28 U.S.C. § 1367.

## VENUE

8.   Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within the district.

2

## TRIAL BY JURY

9.   Plaintiff demands a trial by jury on each and every one of the claims herein.

## NOTICE OF CLAIM

10.   On or about January 19, 2016, and within 90 days after the claim arose, Plaintiff Yi Bin Mu caused a Notice of Claim to be served upon Defendants, the City and the NYPD.

11.   The Notice of Claim was delivered to the person designated by law as a person to whom such claims may be presented and served.

12.   The Notice of Claim was in writing, sworn to by the plaintiff and contained the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when the place where and the manner by which the claim arose, and the damage and injuries claimed to have been sustained.

13.   On or about April 7, 2016, a hearing was held by the CITY OF NEW YORK pursuant to General Municipal Law § 50(h).

14.   Defendants, the City and the NYPD have failed and refused to pay and/or adjust the claim within the statutory period of time.

15.   This action has been started within one year and ninety days after the happening of the event upon which the claim is based.

## PARTIES

16.   At all times relevant, Plaintiff Yi Bin Mu was a resident of the County of Queens, City and State of New York.

17.   Defendant City is a duly constituted municipal corporation of the State of New York. It is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately

3

responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

18.   At all times relevant, Defendants, the City and the NYPD, employed the individual defendants, POLICE OFFICER JASPREET POM GILL, "JOHN DOE NO. 1" and "JOHN DOE NO. 2".

19.   At all times relevant, Defendant, POLICE OFFICER JASPREET POM GILL, was a duly appointed and acting in police officer of the City of New York, New York City Police Department. He is sued individually and in his official capacity.

20.   At all times relevant, Defendant Police Officers "JOHN DOE NO. 1" and "JOHN DOE NO. 2" were duly appointed and acting police officers of the City of New York, New York City Police Department. They are sued individually and in their official capacity.

21.   At all times relevant, the individual defendants were acting under the color of State Law and pursuant their authority as police personnel.

22.   At all times relevant, the individual defendants were acting in their individual and official capacity as employees of Defendants, the City and the NYPD.

23.   Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the City and the NYPD.

24.   The conduct and injuries complained herein were inflicted on the Plaintiff by the Defendants without any negligent or culpable conduct by the Plaintiffs.

## FACTUAL ALLEGATIONS

25.   That on or about October 25, 2015 at approximately 4:55 P.M. of that day, Plaintiff Yi Bin Mu was present at or near Columbus Circle Park, in the County, City and State of New

York.

26.    At the abovementioned time, plaintiff was approached by Defendant JASPREET POM GILL.

27.    Thereafter, Defendant proceeded to attack, assault, batter, and placed plaintiff in a chokehold, all while the plaintiff kept asking for help and asking whether he did something wrong.

28.    The plaintiff was pushed to the ground by Defendant JASPREET POM GILL. In doing so, Defendant JASPREET POM GILL applied a chokehold to plaintiff's throat, temporarily cutting off his air supply and causing him to become extremely nervous.

29.    Defendant Officer Gill further placed handcuffs on the plaintiff.

30.    Plaintiff did not resist arrest.

31.    Plaintiff did not struggle with Defendant Officer Gill.

32.    Plaintiff did not fight or strike any of the police officers.

33.    Nonetheless, Defendant Officer Gill pepper sprayed Plaintiff.

34.    Defendant Officer Gill was significantly larger in weight than plaintiff.

35.    Plaintiff was taken to the Midtown North Precinct and placed in a holding cell.

36.    Plaintiff Yi Bin Mu was detained for approximately 16 hours and stayed overnight in the NYPD's Central Booking.

37.    Plaintiff suffered from the physical, psychological, and emotional effects of the beating which he received from Defendants.

38.    After approximately 16 hours of being held in police custody, Plaintiff Yi Bin Mu was released.

39.    Upon his release, Plaintiff was charged with resisting arrest, failure to comply with

sign in a park, and destruction or abuse of park property and equipment, and plaintiff was required to appear in Criminal Court to answer these charges.

40.  Plaintiff suffered from physical injuries as a result of the afore-referenced events which required medical treatment and caused him to incur the cost for medical care.

41.  Plaintiff suffered financial loses as a result of this arrest.

42.  Plaintiff was arrested and charged criminally with various crimes including resisting arrest, failure to comply with sign in a park, and destruction or abuse of park property and equipment, none of which he was guilty of committing.

43.  Plaintiff was searched, jailed, photographed, finger printed and was required to appear in Criminal Court to defend himself against the false charges stemming from the aforementioned incident.

44.  Plaintiff Yi Bin Mu was subsequently formally charged and arraigned in Criminal Court with crimes stemming from the aforementioned incident.

45.  Plaintiff was arrested, charged and imprisoned by Defendants even though he had committed no crime and Defendants knew, or should have known, that there was no reasonable basis for believing that plaintiff had committed any crime.

46.  Plaintiff sustained physical injury as a result of the physical assault and battery upon him by Defendants.  Plaintiff also sustained great emotional harm as a result of the assault, battery, incarceration and prosecution against him predicated upon the acts of Defendants.

47.  Plaintiff Mu was forced to hire a lawyer to defend himself from the false charges levied against him and expended monies for said representation.

48.  Plaintiff suffered physical injuries, pain, suffering, great disgrace, embarrassment, loss of self-esteem and emotional harm resulting from the aforesaid arrest, imprisonment and

arraignment on these false charges.

49.    Following a thorough and impartial investigation by the Civilian Complaint Review Board, the Board found substantiated charges against Defendant Officer Jaspreet Gill for his use of a chokehold against Plaintiff Yi Bin Mu, for his use of physical force against Plaintiff Yi Bin Mu, and for his use of pepper spray against Plaintiff Yi Bin Mu.

50.    The substantiated charges against Defendant Officer Gill are still pending before the Civilian Complaint Review Board's Administrative Prosecution Unit.

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UPON FALSE ARREST AND IMPRISONMENT**

51.    Plaintiff  YI BIN MU repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

52.    As a result of the aforedescribed actions, including the arrest of plaintiff without probable cause, the defendants individually deprived Plaintiff Yi Bin Mu of the rights, privileges and immunities secured by the Constitution and laws of the United States and the Fourteenth Amendment.

53.    As a result of the aforedescribed actions, the defendants individually deprived Plaintiff Yi Bin Mu of the right to be free from unreasonable search and seizures secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments.

54.    As a result of the aforedescribed actions, the defendants individually deprived Plaintiff Yi Bin Mu of his right to liberty without due process of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

55.    The aforedescribed conduct by Defendants was instigated by Defendants for other

than lawful reasons and without probable cause.

56.    The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

57.    The aforedescribed acts of Defendants were intentional, willful, and malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

58.    As a result of the foregoing, Plaintiff has suffered damages.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM THE USE OF EXCESSIVE FORCE**

59.    Plaintiff YI BIN MU repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

60.    As a result of the aforedescribed actions, including the use of excessive physical force upon the plaintiff, the defendants individually deprived Plaintiff Yi Bin Mu of the rights, privileges and immunities secured by the Constitution and laws of the United States and the Fourteenth Amendment.

61.    As a result of the aforedescribed actions, the defendants individually deprived Plaintiff Yi Bin Mu of the right to be free from unreasonable seizures secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments.

62.    As a result of the aforedescribed actions, the defendants individually deprived Plaintiff Yi Bin Mu of his right to liberty without due process of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

63.    The aforedescribed conduct by Defendants was instigated by Defendants for other than lawful reasons and without probable cause.

64.    The amount and type of physical force used upon Plaintiff Yi Bin Mu by Defendants was unnecessary, improper, excessive and not reasonably justified under any circumstances.

65.    The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

66.    The aforedescribed acts of Defendants were intentional, willful, and malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

67.    The aforementioned use of force caused immediate injury in the form of physical and emotional pain, suffering, bruises, shock, fright, humiliation, embarrassment and deprivation of plaintiff's constitutional rights.

68.    As a result of the foregoing, Plaintiff has suffered damages.

**THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS**

69.    Plaintiff YI BIN MU repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

70.    As a result of the aforedescribed actions, Defendants, in particular the superior officers and those "John Doe" defendants who had supervisory authority over the individual defendants, individually, failed to intervene to prevent or end the unlawful and unconstitutional conduct inflicted upon plaintiff by defendants.

71.    The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

72.   The aforedescribed acts of Defendants, individually and/or vicariously by and through their agents, servants and/or employees, were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

73.   The aforementioned failure to intervene caused immediate injury in the form of physical and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of plaintiff's constitutional rights.

74.   As a result of the foregoing, Plaintiff has suffered damages.

## FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR FALSE ARREST, IMPRISONMENT, AND EXCESSIVE FORCE UNDER STATE LAW

75.   Plaintiff YI BIN MU repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

76.   As a result of the foregoing, plaintiff was, without just cause or provocation, maliciously, recklessly, and/or intentionally arrested, hand cuffed and imprisoned without probable cause resulting in serious physical and emotional injury to plaintiff.

77.   That at the time and place aforesaid, the defendants, individually and/or vicariously by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally arrested, hand cuffed and imprisoned plaintiff without probable cause resulting in serious physical and emotional injury.

78.   That the occurrence and injuries sustained by plaintiff were caused solely by the malicious, reckless, and/or intentional conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees, without any provocation on the part of

the plaintiff contributing thereto.

79.   That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, and legal expenses.

80.   As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FIFTH CLAIM FOR RELIEF ON BEHALF OF PLAINTFF FOR NEGLIGENT HIRING, SUPERVISION AND RETENTION

81.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

82.   That at all times hereinafter mentioned, the defendants, the City and the NYPD, by its agents, servants and/or employees carelessly, negligently, and recklessly hired applicants for the position of police officers.

83.   That at all times hereinafter mentioned, the defendants, the City and the NYPD, by its agents, servants and/or employees carelessly, negligently, and recklessly trained applicants for the position of police officers.

84.   That at all times hereinafter mentioned, the defendant, the City and the NYPD, by its agents, servants and/or employees carelessly, negligently and recklessly retained, supervised, controlled, managed, maintained and inspected the activities of its police officers.

85.   That at all times hereinafter mentioned, the defendants, the City and the NYPD, by

its agents, servants and/or employees caused, permitted and allowed its police officers to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out its official duties and/or responsibilities.

86.   That at all times hereinafter mentioned, the defendants, the City and the NYPD, by its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, police officers clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

87.   That at the time and place aforesaid, the defendants the City and the NYPD, by its agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally assaulted, battered, physically abused, falsely arrested, hand cuffed, imprisoned, and beat plaintiff causing serious personal injury to plaintiff.

88.   That the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendants, the City and the NYPD, its agents, servants and/or employees as set forth above, without any provocation on the part of the plaintiff contributing thereto, specifically, the negligent and reckless manner in which said Defendants hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers and police department.

89.   As a result of the foregoing, Plaintiff has suffered damages.

**<u>SIXTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR MUNICIPAL LIABILITY UNDER MONELL ARISING FROM UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. § 1983</u>**

90.   Plaintiff YI BIN MU repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully

herein.

91.     Defendant City and the Police Commissioner, as the police department's final policymaker, are responsible for the NYPD's policy, practice, and custom of being deliberately indifferent to the vicious propensities of its police officers.

92.     Said Defendants knew or should have known that the failure to adequately address the violent propensities of its police officers had caused problems in the past, and would continue to cause problems in the future, including violations of constitutional rights because of the failure to adopt and implement adequate policies, procedures and practices and to adequately screen, train, supervise and/or discipline police officers engaging in, or likely to engage in, such behavior.

93.     In 1993, chokeholds were banned, without exception, by the New York City Police Department. The unambiguous nature of the ban is expressed in NYPD Patrol Guide § 203-11 (effective until June 2016): "Members of the New York City Police Department will **NOT** use chokeholds. A chokehold shall include, but is not limited to, any pressure to the throat or windpipe, which may prevent or hinder breathing or reduce intake of air."[1]

94.     Nevertheless, even with an official ban on chokeholds, the Civilian Complaint Review Board ("CCRB") receives hundreds of chokehold complaints a year.

95.     In the year 2014 alone, the CCRB received 232 chokehold complaints.

96.     On October 7, 2014, the CCRB issued a special, comprehensive report on chokeholds: *A Mutated Rule: Lack of Enforcement in the Face of Persistent Chokehold Complaints in NYC.*[2]

97.     Among the the CCRB's finding, this report highlighted the fact that even when

---

[1] http://www.nyc.gov/html/ccrb/downloads/pdf/Chokehold%20Study_20141007.pdf

finding that an officer had violated department policy, NYPD judges "emasculated" the rule banning the chokehold by never penalizing the violating officers with anything more than a loss of vacation days. In the first half of 2014—the year the study was conducted—8 out of every 100 complaints to the CCRB raised allegations about the maneuver.

98.    The CCRB report was released approximately one year before the incident giving rise to the instant action. As such, the supervisory defendants of the NYPD and the City of New York cannot credibly claim to have no knowledge of the widespread usage of the illegal chokehold maneuver.

99.    Despite actual knowledge of this unconstitutional pattern and practice by its rank and file, leadership at the NYPD failed to implement any additional training or education of its officers to lessen the usage of the chokehold.

100.    Even more damning is the report released in January of 2015 by the Office of the Inspector General for the NYPD (OIG-NYPD) entitled *Observations on Accountability and Transparency in Ten NYPD Chokehold Cases.*[3]

101.    To the surprise of very few people, the observations revealed very little accountability or transparency in these chokehold cases.

102.    Key among the OIG-NYPD's findings was that "in several of the ten cases reviewed, NYPD officers employed prohibited chokeholds—whether neck grabs or headlocks or some other contact with the neck or throat—as a ***first act of physical force*** in response to verbal resistance…"

103.    The most famous case involving a chokehold in recent memory is that of Eric Garner. The defendant City of New York settled the Garner case before a lawsuit was even filed,

_____

[3] http://www.nyc.gov/html/oignypd/assets/downloads/pdf/chokehold_report_1-2015.pdf

for the amount of $5.9 million.

104.    The City medical examiner's office ruled Mr. Garner's death a homicide, and cited the use of the chokehold as the cause of death.[4]

105.    The historical and administrative record is clear that the leadership of the NYPD, from every Desk Sergeant through Chief of Department and to the Commissioner himself was on actual notice that the use of the chokehold was common, persistent, and sufficiently widespread to constitute the constructive acquiescence of senior policymakers.

106.    The NYPD's policy, practice and custom of the usage of this illegal and unconstitutional maneuver directly and proximately caused harm to Plaintiff Yi Bin Mu.

107.    This constructive acquiescence toward the regular use of chokeholds on the part of the City and the Police Commissioner directly and proximately caused the deprivation of Plaintiff Yi Bin Mu's constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C § 1983.

108.    As a result of this constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological, and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation within his community.

## SEVENTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR ASSAULT

109.    Plaintiff YI BIN MU repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

110.    As a result of the foregoing, Defendants, individually and/or vicariously, by and through their agents, servants and employees, placed plaintiff in apprehension of imminent

harmful and offensive contact, thereby committing an assault upon him.

111.   As a result of the foregoing, Plaintiff has suffered damages.

## EIGHTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR BATTERY

112.   Plaintiff YI BIN MU repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

113.   As a result of the foregoing, plaintiff was without just cause or provocation, maliciously, and intentionally battered, physically abused, hand cuffed, kicked and beaten causing serious injury to plaintiff.

114.   That at the time and place aforesaid, the defendants, individually and/or vicariously by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally battered, physically abused, hand cuffed, kicked and beat plaintiff causing serious injury to plaintiff.

115.   That the occurrence and injuries sustained by plaintiff, were caused solely by the malicious, reckless, and/or intentional conduct of the defendants, individually and/or vicariously by and through their, agents, servants and/or employees, without any provocation on the part of the plaintiff, contributing thereto.

116.   As a result of the foregoing, Plaintiff has suffered damages.

## NINTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR NEGLIGENCE

117.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

118.   Defendants negligently caused emotional distress, physical and psychological harm, and damage to Plaintiff. The acts and conduct of the defendants were the direct and

---

[4] https://www.nytimes.com/2015/06/14/nyregion/eric-garner-police-chokehold-staten-island.html

proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

119.   As a result of the foregoing, Plaintiff has suffered damages.

## CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR INTENTIONAL INFLICTION OF EMOTIONAL HARM

120.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

121.   As result of the foregoing, Defendants, individually and or vicariously, by and through their agents, servants and/or employees, intentionally, wantonly, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby inflicting mental and emotional distress upon plaintiff.

122.   As a result of the foregoing, plaintiff has suffered damages.

## ELEVENTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FOR PUNITIVE DAMAGES

123.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

124.   That the aforesaid occurrence and resulting injuries to plaintiff was due to the willful, wanton, reckless and/or malicious conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees;

125.   That the aforesaid occurrence and resulting injuries to plaintiff was due to the conduct of Defendants, individually and/or vicariously by and through their agents, servants and/or employees which reflect utter indifference to the safety and well-being of others and specifically the safety and well-being of plaintiff;

126.   That the conduct of Defendants, individually and/or vicariously by and through their agents, servants and/or employees exhibited a reckless disregard for human life and the safety and well-being of others and more particularly, for the life, safety and well-being of plaintiff;

127.   As a result of the foregoing, plaintiff has suffered damages.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;
b.   Punitive damages;
c.   The convening and empaneling of a jury to consider the merits of the claims herein;
d.   Costs, expenses, interest and attorney's fees pursuant to 42 U.S.C. § 1988;
e.   Any such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
            January 20, 2017

Respectfully submitted,

CAESAR AND NAPOLI, P. C.
*Counsel for Plaintiff*

_____/s/_____
By: James C. Napoli (JC0775)
233 Broadway, Suite 2348
New York, New York 10279
(212) 226-2100
Our file No.: B31326.SWDM